## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**PAUL S. MORRISSEY**
**1911 35th Place, NW**
**Washington, DC 20007**

      **Plaintiff,**

      **v.**

**KEVIN MCALEENAN,**
**ACTING SECRETARY,**
**U.S. DEPARTMENT OF HOMELAND**
**SECURITY**
**2707 Martin Luther King Jr. Ave., S.E.**
**Washington, DC 20528-0525**

**Service Agent:**
    **Office of General Counsel,**
    **United States Department**
    **of Homeland Security,**
    **Washington, DC 20528**

      **Defendant.**

**Civ. No.** _____

**Jury Trial Demand**

## COMPLAINT AND JURY DEMAND

      COMES NOW, the Plaintiff, Paul S. Morrissey, by and through counsel, Jay P. Holland and the law firm of Joseph, Greenwald & Laake, P.A., and brings this Complaint seeking Judgment against the U.S. Department of Homeland Security, United States Secret Service ("Defendant" or "Agency"), pursuant to the Age Discrimination in Employment Act ("ADEA"), for employment discrimination based upon age.

## JURISDICTION & VENUE

      1.    This Court has jurisdiction of Plaintiff's claims herein pursuant to 28 U.S.C. §§ 1331, 1343(a)(4).

2.      Venue herein is proper under 28 U.S.C. § 1391 (b) and (c), and Defendant maintains its principal office and employment records within this judicial district and within the jurisdictional boundaries of the District of Columbia.

3.      As alleged herein, all conditions precedent to the institution of this lawsuit have been performed or have occurred.

<strong><u>PARTIES</u></strong>

4.      Plaintiff is a sixty-three (63) year old adult, male resident of the District of Columbia, residing at 1911 35th Place, NW, Washington, DC 20007, and a former Assistant Director ("AD") for the Office of Investigations for the U.S. Secret Service ("Secret Service"), who was constructively discharged based upon his age.

5.      Defendant is a federal law enforcement agency under the Department of Homeland Security charged with conducting investigations and protecting the nation's leaders and past leaders.  Defendant maintains its principal office at 950 H Street, NW, #7800, Washington, DC 20223.

6.      Defendant is a "person" within the meaning of 29 U.S.C. § 630(a), and an "employer" within the meaning of 29 U.S.C. § 630(b). Defendant hired Plaintiff as an employee and is subject to the laws preventing age discrimination in employment, as set forth more fully in the Count that follows.

<strong><u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u></strong>

7.      For the count that so requires, all administrative requirements to filing this lawsuit have been satisfied: to wit, Plaintiff filed a formal administrative complaint based on age discrimination with the Agency's Equal Employment Opportunity Commission ("EEOC") on April 22, 2015.  The Agency determined that Plaintiff's case was a mixed case complaint that must

be before the Merit Systems Protection Board ("MSPB"). Following a Final Agency Decision on December 30, 2015 regarding MSPB jurisdiction, the case was appealed to the EEOC, which ultimately, on June 7, 2017, provided Plaintiff with a right to request a hearing before an EEOC Administrative Judge. After initially requesting a hearing on June 29, 2017, Plaintiff requested a Final Agency Decision on December 10, 2018. Plaintiff received a Final Agency Decision on April 1, 2019, providing for a ninety (90) day right to sue deadline for civil actions in federal court. Plaintiff timely files the instant Complaint prior to the 90-day deadline.

## **FACTS**

8.      At the time of Plaintiff's constructive discharge, he was fifty-nine (59) years of age, and a GS-1811, Senior Executive Service ("SES") Assistant Director for the Office of Investigations, United States Secret Service.

9.      Plaintiff joined the Secret Service in or about 1981 as a Uniformed Division police officer.

10.     In or about 1983, the Agency appointed Plaintiff to the position or Special Agent in the Chicago Field Office, where he served until about 1990.

11.     Prior to his last appointment as AD for the Office of Investigation, Plaintiff served as Assistant Director of the Office Government and Public Affairs, where he oversaw the Secret Service liaison activities with the United States Congress, the Department of Homeland Security and other agencies. Plaintiff also previously served as Assistant Director of the Office of Technical Development and Mission Support, where he managed the implementation of technology-based protective countermeasures and information technology resources.

12.     During Plaintiff's distinguished tenure with the Agency, he supervised the activities of more than 100 Special Agents and other personnel. Plaintiff held numerous management

positions within the Secret Service, including Assistant Special Agent in Charge for the Vice Presidential Protective Division, Assistant Division Chief for the Information Resources Management Division, Deputy Assistant Director for the Office of Administration, and Deputy Assistant Director for the Office of Protective Operations.

13.     The Agency appointed Plaintiff as its Assistant Director of the Office of Investigations in or about February 2013.  In that role, Plaintiff developed and implemented policies for all Secret Service criminal investigations pertaining to counterfeit currency, financial crimes and electronic crimes.

14.     Plaintiff remained in that position until his constructive discharge in or about January 2015.  Throughout Plaintiff's tenure with the Agency, he possessed an excellent performance record, receiving the highest performance ratings.

15.     On or about December 2014, Acting Director (at the time), Joseph Clancy ("Clancy") called Plaintiff to a meeting and inquired about Plaintiff's retirement plans.  Plaintiff stated to Clancy that he received a memo dated August 4, 2014, from the Chief of Human Capital, indicating that his mandatory retirement date was August 31, 2015.

16.     During the meeting, Clancy then asked if Plaintiff was fifty-seven (57) years old. Plaintiff responded that he was actually 59 years old.  Plaintiff also told Clancy that he may consider retiring in or about August 2015, unless the Agency wanted to keep him on longer based on his valuable experience.

17.     On or about January 13, 2015, Clancy and Deputy Director Alvin T. Smith ("Smith") asked again to meet with Plaintiff.  During this meeting, Clancy abruptly told Plaintiff that he was going to remove Plaintiff from his position as Assistant Director, based on the recommendation of the Blue Ribbon Panel.

18.     Clancy's rationale for removal seemed illogical.  The Blue Ribbon Panel had been set up shortly after the events of September 19, 2014, when a lone individual leapt over the White House fence, onto the North Lawn, and ultimately into the White House itself.  The Panel was tasked to gain a broader review of the Secret Service's protection of the White House compound and to make recommendations.  The Blue Ribbon Panel did not recommend Plaintiff's removal, nor did it even specify Plaintiff's directorate (Office of Investigations) for the White Security matters that served as the impetus for the Blue Ribbon Panel report.

19.     During the January 13, 2015 meeting, Plaintiff told Clancy that Plaintiff had been a career employee with an impeccable record of service and work experience.  Plaintiff also added that he should not be judged by individuals outside of the government, referring to the newly-appointed Clancy.

20.     Plaintiff also reminded Clancy that Plaintiff just received an "Achieved Excellence" performance rating for fiscal year 2014, which is the highest rating in a performance evaluation.  Plaintiff pointed out that the highest rating that he received had been issued and signed by Smith on November 17, 2014, and signed by Clancy himself on December 4, 2014.

21.     At that time, Smith immediately responded that this decision was not about performance.  Clancy concurred that this decision did not relate to Plaintiff's performance and that it was based on the Blue Ribbon Panel recommendation.

22.     As the January 13, 2015 meeting continued, Clancy stated that he wanted to build his own staff with "younger Deputy Assistant Directors with a fresh perspective."  Plaintiff remained shocked by this statement by Clancy about wanting younger ADs.  Plaintiff again reminded Clancy that Plaintiff had been applauded for consistently displaying originality in job

performance as outlined in his last performance evaluation.  Plaintiff further stated that he received a SES monetary bonus that was commensurate with his excellent performance evaluation.

23.     During the meeting Plaintiff also pointed out that the Blue Ribbon Panel never interviewed him.  He reiterated that he performed his work exceptionally, and met every need of the Secret Service.  Plaintiff also stated that it was his performance that brought the Office of Investigations to a new level of accomplishment.  In response, Clancy simply told Plaintiff that his only options were to retire, resign, or be transferred to a non-AD position outside of the Secret Service.

24.     At that time Plaintiff asked Director Clancy whether this decision had anything to do with Plaintiff being a part of the Metropolitan Retirement System, to which Clancy said no.

25.     Prior to leaving the January 13, 2015 meeting, Plaintiff again expressed to Clancy that his executive experience was best suited for the Secret Service and that he had been recognized by management for his work in Investigations, for his positive attitude, and for demonstrating "fresh" ideas, as noted in his performance evaluation.  Plaintiff told Clancy that his record and performance demonstrate that Plaintiff was capable of performing the duties of the Assistant Director better than any younger SES who Clancy would appoint as Plaintiff's replacement.

26.     Clancy did not seem to care about these objective factors, and only saw an older employee on the Metropolitan Retirement System.

27.     It became evident that Plaintiff's distinguished career of almost thirty-four (34) years was being adversely affected by Clancy, who had never served as a Government Executive on the Director's Executive Staff, and who was using Plaintiff's age as a reason to remove Plaintiff from the AD position.

28.     Plaintiff had been one of the oldest SES employees on the Metropolitan Retirement System.

29.     Plaintiff's impeccable, selfless service to the United States Government and to the Secret Service could not be matched.  Plaintiff served ten (10) years as a SES Executive from 2004-2015 and eight (8) years on the Director's staff.

30.     During this period, Plaintiff received eight consecutive "Achieved Excellence" ratings on his performance evaluation, which is the highest achievement possible.  Plaintiff also received ten SES monetary bonuses that were commensurate with his excellent performance. Plaintiff also received the Department of Homeland Security Presidential Rank Award in 2009.

31.     Plaintiff's work did not relate to the cause of the White House security incident that prompted the Blue Ribbon Panel.  Plaintiff was not involved in the protective intelligence pertaining to the White House security incident that occurred on September 19, 2014.  The Assistant Directors assigned to the Office of Protective Operations (OPO) and the Office of Strategic Intelligence and Information (SII) were responsible for that incident; those Assistant Directors were younger than Plaintiff and continued working for the Agency.

32.     These facts demonstrate that Clancy removed Plaintiff from his AD position because of Plaintiff's age.

33.     At that time, Plaintiff remained the senior most SES employee in the Secret Service and a member of the Metropolitan Retirement System.  Clancy said that Plaintiff had to be removed from his position so that "younger people with a fresh perspective" could be promoted to Assistant Director.

34.     Also, Clancy ultimately replaced Plaintiff as Assistant Director for the Office of Investigations with Kenneth Jenkins, an Agency employee who was 8 years younger than Plaintiff.

35.     In January 2015, Clancy only removed four (4) SES employees, out of among twenty-five (25) Senior Executive Service ("SES") employees with the Secret Service assigned to Washington D.C.  Along with Plaintiff, Clancy removed Mark Copanzzi, Jane Murphy and Dale Pupillo from their Assistant Director positions.  These four ADs were the senior most SES employees, and were the only Metropolitan System retirees; they were all in their mid/late 50s or early 60s.  Clancy replaced each of them with someone younger.

36.     Furthermore, the removal action against Plaintiff, taken by Clancy is inconsistent with Title 5 C.F.R. § 317.901, further evidencing discrimination, as the action was without basis.

37.     The Agency's discriminatory removal devastated Plaintiff.  Clancy attacked and damaged Plaintiff's character, reputation, and integrity, which Plaintiff had built over three decades of unimpeachable service.  Clancy's removal action will continue to adversely impact Plaintiff's future employment because every media outlet in the United States reported Clancy's decision.

## COUNT I

### Discrimination Based on Age in Violation of the
### Age Discrimination in Employment Act of 1967
### 29 U.S.C. § 623(a)(1)

38.     Plaintiff adopts and incorporates each and every allegation contained in each of the foregoing paragraphs as fully restated herein.

39.     By virtue of the acts described above, Defendant, by and through its employees, denied Plaintiff his employment rights, as guaranteed by the ADEA, when it discriminated against him by discharging his employment on the basis of his age.  Plaintiff was subjected to the aforementioned employment actions/conditions based on his age – and was subjected to said

conditions when those outside of Plaintiff's protected category were treated disparately and more favorably in their employment, and were not removed from the AD position like Plaintiff.

40.     As a direct and proximate result of the discriminatory acts and conduct of Defendant, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, and economic loss.

WHEREFORE, for the all of the aforementioned reasons, Plaintiff respectfully requests that an Order of Judgment be entered against the Defendant on all Counts and that full back pay and front pay be awarded, compensatory damages be awarded, along with attorneys' fees and costs.  Plaintiff also requests that Defendant be enjoined from further acts of discrimination in employment as contrary to federal law.  Further, Plaintiff demands judgment against Defendant for punitive damages, plus interest, and any other additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of triable fact in the foregoing complaint.

DATE:  June 28, 2019                    Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

/s/___Jay P. Holland_____
Jay P. Holland, Esq. (Bar No. 422258)
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
301.220.2200 (T)
301.220.1214 (F)
jholland@jgllaw.com
*Counsel for Plaintiff*