# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL S. MORRISSEY,<br><br>Plaintiff,<br><br>v.<br><br>CHAD F. WOLF, *Acting Secretary, U.S. Department of Homeland Security*,[1]<br><br>Defendant. | Case No. 1:19-cv-01956 (TNM) |

## MEMORANDUM AND ORDER

Plaintiff Paul S. Morrissey moves to reinstate his Complaint. The Court dismissed it under Federal Rule of Civil Procedure 4(m). This rule requires a plaintiff to serve a defendant within 90 days of filing a complaint. Morrissey filed his Complaint on June 28, 2019, so he had to serve the Defendant by September 26. The Court reminded Morrissey of his obligation under Rule 4(m) and ordered that "by no later than September 26, 2019, the Plaintiff must either cause process to be served upon the Defendant and file proof of service with the Court or establish good cause for the failure to do so." 9/12/19 Minute Order. Morrissey did not do so, and the Court dismissed the Complaint.

Morrissey represents that he did in fact serve the Defendant before September 26 and that his counsel's medical appointment during the week of September 23 prevented him from timely filing proof of service. *See* Mot. to Reinstate at 1–2. He asks the Court to accept the exhibits attached to his motion to reinstate as proof of service. *Id.* at 3–4. But these exhibits fail to show that Morrissey properly served the Defendant.

---

[1] Chad F. Wolf, the Acting Secretary of Homeland Security, is automatically substituted for former Acting Secretary Kevin McAleenan. *See* Fed. R. Civ. P. 25(d).

The governing provision is Federal Rule of Civil Procedure 4(i)(2), which tells a plaintiff what he must do to serve "a United States agency or corporation, or a United States officer or employee sued only in an official capacity." The caption of the Complaint names Kevin McAleenan, then Acting Secretary of Homeland Security, as the Defendant. Compl. at 1. The Complaint asserts that Morrissey is bringing his action "against the U.S. Department of Homeland Security, United States Secret Service ('Defendant' or 'Agency')," and that "Defendant is a federal law enforcement agency under the Department of Homeland Security." *Id.* at 1–2. Morrissey's action is thus one against "a United States agency or corporation, or a United States officer or employee sued only in an official capacity." Fed. R. Civ. P. 4(i)(2).

To serve such a defendant, a plaintiff "must serve *the United States* and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." *Id.* (emphasis added). The exhibits attached to Morrissey's motion show that he sent a copy of the summons and Complaint to the service agent for the Department of Homeland Security. *See* Mot. to Reinstate Ex. 1; *id.* Ex. 2. So far, so good. But they do *not* show that he has served "the United States." To serve the United States, a plaintiff must serve both "the United States attorney for the district where the action is brought" *and* "the Attorney General of the United States." *See* Fed. R. Civ. P. 4(i)(1)(A)–(B). There is no proof Morrissey served either the U.S. Attorney or the Attorney General, so the Court finds that Morrissey failed to do so within the 90-day time limit.

That is not the end of the matter, as Rule 4 requires the Court to extend the time for service under certain conditions. *See id.* 4(i)(4), 4(m). *First*, "the court must extend the time for service for an appropriate period" if the plaintiff shows "good cause" for the failure to effect timely service. *Id.* 4(m). The Court's September 12 Minute Order directed Morrissey to

2

"establish good cause" if he failed to serve the Defendant by September 26. Morrissey's motion to reinstate does not try to show good cause, presumably because he thinks he *did* properly serve the Defendant. The Court can presume only that Morrissey failed to effect timely service because he misread or ignored Rule 4(i)(2). But a misunderstanding of the rule is not good cause. *See Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) ("Good cause exists 'when some outside factor . . . rather than inadvertence or negligence, prevented service.'" (quoting *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007))). And, of course, *ignorantia juris non excusat*. The Court holds that Morrissey has not shown good cause for his failure to effect timely service.

*Second*, the Court "must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served *either* the United States attorney or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(4)(A) (emphasis added). This provision does not apply here, since Morrissey has served *neither* the U.S. Attorney nor the Attorney General. *See* Mot. to Reinstate Ex. 1; *id.* Ex. 2.

That is still not the end of the matter, as the Court also considers whether to grant Morrissey a discretionary extension of time to complete service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*." (emphasis added)). Most circuits have held that Rule 4(m) permits district courts to grant discretionary extensions of time even absent good cause. *See Mann*, 681 F.3d at 375–76; *but see Mendez v. Elliot*, 45 F.3d 75, 78–79 (4th Cir. 1995) ("[T]he court may only grant the extension for good cause."). Some circuits have even held that Rule 4(m) *requires* district courts to consider whether to grant a

3

discretionary extension. *See, e.g., Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996); *but see Thompson v. Brown*, 91 F.3d 20, 21–22 (5th Cir. 1996) (rejecting a claim that the district court erred in "fail[ing] even to consider whether it should exercise its discretion to grant an extension" because the plaintiff "failed to ask the court for an extension of time").

The D.C. Circuit has not specified what factors a district court must weigh when considering whether to grant a discretionary extension under Rule 4(m), but it has said that "dismissal of a case pursuant to Rule 4(m) is appropriate when the plaintiff's failure to effect proper service is the result of inadvertence, oversight, or neglect, and dismissal leaves the plaintiff in the same position as if the action had never been filed." *Mann*, 681 F.3d at 376 (cleaned up).

In *Mann*, the plaintiffs suggested that a statute of limitations would bar them from refiling their complaint, but the district court found that they "had failed to provide enough information to gauge the legitimacy of their concern that they would be unable to refile their complaint." *Id.* The plaintiffs also "had not been diligent in correcting the service deficiencies." *Id.* The district court found that the two *pro se* plaintiffs were not entitled to "additional latitude" to correct their service deficiencies because they "had been notified of the requirements of Rule 4(m)" and were sophisticated litigants who "worked in tandem with counsel for the corporate plaintiffs." *Id.* at 377. The circuit affirmed the district court's order of dismissal. *Id.*

Given *Mann*, one factor to consider here is whether a statute of limitations would bar Morrissey from refiling his action. Morrissey's motion to reinstate does not discuss this issue, so arguably, as in *Mann*, Morrissey has "failed to provide enough information" about whether there is a legitimate statute of limitations concern. *See id.* at 376. The Court observes, however, that Morrissey's Complaint alludes to a limitations period that has long since expired. *See* Compl.

4

¶ 7. The Court will thus assume that Morrissey may be barred from refiling his action. Yet that is not necessarily enough to carry the day. *Mann* does not say that dismissal is appropriate *only* when a plaintiff would be able to refile his action. *See* 681 F.3d at 376–77. Other circuits have held that a district court may decline to grant a discretionary extension under Rule 4(m) even if a statute of limitations would prevent a plaintiff from refiling. *See, e.g.*, *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995). It is thus appropriate to consider this factor in context.

Unlike the *Mann* plaintiffs, Morrissey is not proceeding *pro se*, and the Court notified him of his obligation under Rule 4(m) two weeks before the deadline for service. These factors weigh against him. *See Mann*, 681 F.3d at 377. True, the service requirements for federal agencies and officials are complex, *cf. Espinoza v. United States*, 52 F.3d 838, 842 (10th Cir. 1995), but this does not cut in Morrissey's favor. The rules provide for some relief from the complex requirements of Rule 4(i), but they do not contemplate relief in this case.

Recall that Rule 4(i)(4)(A) requires an extension for compliance with Rule 4(i)(2) when the plaintiff has served either the U.S. Attorney or the Attorney General. But no rule provides relief when, as here, a plaintiff has partially complied with Rule 4(i)(2) by serving only the agency or official. And the very next subsection *does* provide relief when a plaintiff has served only a federal official, but when *Rule 4(i)(3)*—not Rule 4(i)(2)—is the governing provision.[2] *See* Fed. R. Civ. P. 4(i)(4)(B). The choice to provide relief for some instances of partial compliance with Rule 4(i)—but not the instance of partial compliance we have here—is yet another factor that counsels against an extension of time. *See* Antonin Scalia & Bryan A.

---

[2] Rule 4(i)(3) provides the requirements for service of "a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf."

Garner, *Reading Law: The Interpretation of Legal Texts* 107 (2012) ("The expression of one thing implies the exclusion of others (*expressio unius est exclusio alterius*)").

Considering all these factors, the Court finds it appropriate to enforce the time limit in Rule 4(m), even if a statute of limitations may bar Morrissey from refiling his action. The Court thus declines to grant Morrissey a discretionary extension of time to complete service.

For these reasons, it is hereby

**ORDERED** that Morrissey's [5] Motion to Reinstate the Case is DENIED.

**SO ORDERED**.

Dated: November 15, 2019                          TREVOR N. McFADDEN, U.S.D.J.