# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL S. MORRISSEY,<br><br>    Plaintiff,<br><br>  v.<br><br>CHAD F. WOLF, *Acting Secretary, U.S. Department of Homeland Security*,<br><br>    Defendant. | Case No. 1:19-cv-01956 (TNM) |

## MEMORANDUM AND ORDER

Invoking Federal Rule of Civil Procedure 59(e), Plaintiff Paul S. Morrissey asks the Court to reconsider its Memorandum and Order of November 15, 2019. In that decision, the Court denied Morrissey's motion to reinstate his Complaint. For the following reasons, the Court denies Morrissey's motion to reconsider.

Under Rule 4(m), a plaintiff must serve the defendant within 90 days of filing a complaint. Morrissey filed his Complaint on June 28, 2019, so he had to serve the Defendant by September 26. The Court reminded Morrissey of his obligation under Rule 4(m) and ordered that "by no later than September 26, 2019, the Plaintiff must either cause process to be served upon the Defendant and file proof of service with the Court or establish good cause for the failure to do so." 9/12/19 Minute Order. Morrissey did not do either, so the Court dismissed the Complaint.

Morrissey then moved to reinstate his Complaint on the ground that he did in fact serve the Defendant before September 26. The Court determined, however, that Morrissey had not completed service. *See Morrissey v. Wolf,* No. 1:19-CV-01956 (TNM), --- F.R.D. ---, 2019 WL 6051561 (D.D.C. Nov. 15, 2019). The governing provision, Rule 4(i)(2), required him to serve

not only the federal agency but also the U.S. Attorney and the Attorney General. He had failed to serve either of the latter two. And he did not establish good cause for this error. The Court could surmise only that he had misread or ignored Rule 4(i)(2), and a misunderstanding of the rule is not good cause. *See Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012). The Court also declined to grant Morrissey a discretionary extension of time under Rule 4(m). After weighing several factors, the Court found it appropriate to enforce the 90-day time limit, even if a statute of limitations might bar Morrissey from refiling his action.

Morrissey now asks the Court to set aside this judgment because it amounts to a "manifest injustice." Mot. to Alter J. at 5. He concedes that his efforts at service fell short of what Rule 4(i)(2) requires. *Id.* But he stresses that dismissal of this action is effectively with prejudice, since a statute of limitations bars him from refiling the Complaint. *Id.* He thus offers arguments for why the Court should give him an extension of time to complete service. *Id.* at 6–19.

All these arguments are new, and they were previously available to Morrissey, so relief under Rule 59(e) is improper. "Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012). Morrissey acknowledges that his arguments are new. *See* Mot. to Alter J. at 7. But he insists that they were not available when he moved to reinstate. *See id.* When he filed that motion, he thought he had served the Defendant properly, so he had no reason to argue—as he does now—for an extension of time to complete service. *See id.*

Morrissey's reasoning on this point is dubious. The arguments he makes now were previously available to him. He just did not *realize* that he should have been making these arguments, given his own mistaken belief that he had completed service. Morrissey's attempt to

2

raise new, previously available arguments is reason enough to deny his Rule 59(e) motion. *See Patton Boggs LLP*, 683 F.3d at 403.

In any event, Morrissey has not convinced the Court that its judgment was manifestly unjust. He urges that the drafters of Rule 4 envisioned "broad relief for noncompliance with Rule 4(i)(2)." Mot. to Alter J. at 10. The reality is not so cut and dry. Morrissey relies primarily on a passage from the advisory committee notes:

> Paragraph (3) [of Rule 4(i)] saves the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service under this subdivision . . . . This provision should be read in connection with the provisions of subdivision (c) of Rule 15 to preclude the loss of substantive rights against the United States or its agencies, corporations, or officers resulting from a plaintiff's failure to correctly identify and serve all the persons who should be named or served.

Fed. R. Civ. P. 4(i) advisory committee's note to 1993 amendment.

Based on this note's reference to Rule 15(c), Morrissey next cites a portion of that rule:

> When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney . . . to the Attorney General . . . *or to the officer or agency*.

Fed. R. Civ. P. 15(c)(2) (emphasis added).

Attempting to put two and two together, Morrissey contends that the drafters of Rule 4(i) intended for courts to grant extensions whenever a plaintiff has served a federal agency but has neglected to serve the U.S. Attorney or the Attorney General. *See* Mot. to Alter J. at 12–13. That is a stretch. The 1993 advisory committee note that Morrissey cites refers to "Paragraph (3)." In the 1993 version of Rule 4(i), paragraph (3) required courts to give plaintiffs a reasonable time to cure defects in service "if the plaintiff has effected service on either the United States attorney or the Attorney General." Fed. R. Civ. P. 4(i)(3) (1993). This provision now exists as Rule 4(i)(4)(A). Morrissey would have the Court read this provision "in

connection with" Rule 15(c)(2) and conclude that it must *also* allow a reasonable time to cure service any time the plaintiff serves *neither* the U.S. Attorney nor the Attorney General. *See* Mot. to Alter J. at 12–13.

But this reading would render Rule 4(i)(4)(A) meaningless. *See Morrissey*, 2019 WL 6051561, at *3. This the Court is loath to do. *See Corley v. United States*, 556 U.S. 303, 314 (2009) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]" (cleaned up)); *Yousuf v. Samantar*, 451 F.3d 248, 255 (D.C. Cir. 2006) (applying "the customary tools of statutory interpretation" to interpret a federal rule of civil procedure). To be sure, extensions may sometimes be appropriate when a plaintiff has served only a federal agency. But they are not always appropriate, as Morrissey would have. *Accord Stephenson v. Chao*, No. CV 19-2256 (TJK), 2020 WL 122984 (D.D.C. Jan. 10, 2020) (denying motion for reconsideration after court dismissed case for failure to follow Rule 4). And for the reasons the Court articulated in its November 15 Memorandum and Order, the relevant factors weigh against an extension here.

For these reasons, it is hereby

**ORDERED** that Morrissey's [7] Motion to Alter the Judgment is DENIED.[1]

**SO ORDERED**.

Dated: January 22, 2020                    TREVOR N. McFADDEN, U.S.D.J.

---

[1] The Court has considered Morrissey's request for a hearing on this motion but finds oral argument unnecessary here. *See* LCvR 78.1.

4